Argued and submitted January 6, reversed and remanded as to Grange Insurance
Association; affirmed as to Rocky Mountain Fire & Casualty Company
March 22, 1989

CHRYSLER CREDIT CORPORATION,
*Appellant,*

*v.*

GRANGE INSURANCE ASSOCIATION et al,
*Respondents.*

(A8606-03306; CA A47187)

770 P2d 934

Lee M. Hess, Portland, argued the cause for appellant. With him on the briefs was Swire, Riebe & Hess, Portland.

Christopher A. Rycewicz, Portland, argued the cause for respondents. With him on the brief were I. Franklin Hunsaker, Douglas F. Foley and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff, the loss payee and assignee of the proceeds of an automobile insurance policy, brought this action against Grange Insurance Association (defendant),[1] to recover payment for damages sustained to an automobile it had financed. Plaintiff appeals from a summary judgment for defendant, contending that the trial court erred in holding that, before the vehicle was damaged, defendant had effectively cancelled both plaintiff's interest under a loss payable clause and the named insured's policy. We reverse and remand.

In January, 1985, Boots, the named insured, purchased a vehicle and financed it with plaintiff. In the retail installment contract, she agreed to keep the vehicle insured, gave plaintiff a security interest in both the vehicle and any insurance proceeds and assigned plaintiff any monies due under the policy. Defendant issued Boots a policy, including comprehensive and collision coverage, and also executed a loss payable clause that listed plaintiff as the loss payee or secured party. Boots had signed an endorsement removing her husband from coverage under the policy. Defendant requested that plaintiff also sign an endorsement waiving coverage for any claims arising from damage caused while Boots' husband was driving. Defendant informed plaintiff that the loss payee clause would be cancelled if it did not receive the signed endorsement. It never received a written or verbal response from plaintiff. In support of its motion for summary judgment, defendant submitted evidence that it mailed plaintiff a notice cancelling its interest as loss payee on March 29, 1985. Plaintiff offered evidence that it never received that notice, a fact that defendant concedes only for purposes of its motion for summary judgment and this appeal.

Boots' policy provided that defendant could cancel the policy by mailing notice to her. She failed to pay a premium, and on January 8, 1986, defendant mailed her a notice stating that her policy would be cancelled on January 23, 1986,

---

[1] The trial court initially granted Rocky Mountain Fire & Casualty Company's motion for summary judgment and denied Grange Insurance Association's motion. On reconsideration, the trial court also granted Grange's motion. Plaintiff appeals the judgment as to both defendants but challenges only the trial court's granting of Grange's motion. Therefore, we refer only to Grange as defendant. The judgment as to Rocky Mountain Fire & Casualty Company is affirmed.

if the premium was not paid on or before that date. Boots sent a check for partial payment, dated January 10, which her bank dishonored on February 7, because of insufficient funds. On February 11, defendant, unaware that the check had been dishonored, mailed Boots a second notice of cancellation, because of its "inability to qualify all the drivers" in her household[2] and a refund check for the premium that she had paid. That notice stated that her coverage would be in effect until March 13.

Boots' vehicle was damaged in an accident on February 14. On March 4, defendant notified Boots that her policy "remain[ed] cancelled effective January 23, 1986, as [her] check returned for nonsufficient funds nullifie[d] the revised cancellation date."

This case is governed by Washington law. Plaintiff asserts that it is entitled to recover both as loss payee under a loss payable clause and as assignee under Boots' policy. We address, first, whether the trial court erred in holding that defendant had effectively cancelled plaintiff's interest under the loss payable clause, which provides, in relevant part:

"4. [Defendant] reserves the right to cancel the policy at any time as provided by its terms, but in such case [defendant] shall *mail* to the secured party a notice stating when such cancellation shall become effective as to the interest." (Emphasis supplied.)

As a separate provision, the clause also provided:

"TO THE SECURED PARTY This policy will be automatically extended each term upon the payment of the renewal premium. You will be notified if the premium is not paid. Your interest is fully protected until you *receive notice* and for a period of 10 days thereafter." (Emphasis supplied.)

■ Plaintiff acknowledges that *former* RCW § 48.18.290[3]

---

[2] We understand this to mean that Boots had failed to sign and return an updated endorsement removing from her policy a driver in her household for whom defendant was unwilling to provide coverage.

[3] *Former* RCW § 48.18.290(1) provided, in relevant part:

"Cancellation by the insurer of any policy which by its terms is cancellable at the option of the insurer * * * may be effected as to any interest only upon compliance with either or both of the following:

"(a) Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the

allowed an insurer to cancel a policy by mailing notice to the insured or the secured party. It contends, however, that defendant obligated itself beyond the statutory requirement of mailing notice and that, under the last provision quoted above, cancellation is not effective until the secured party receives notice. Defendant argues that, under paragraph 4, a cancellation is effective when notice is mailed and that the provision calling for receipt of notice applies only when cancellation is for nonpayment of premiums and not for any other condition, such as the failure to return a waiver endorsement, as in this case.

Paragraph 4 merely states defendant's right to cancel the policy and its duty to notify a secured party of such cancellation. It does not provide that cancellation is effective upon mailing but, in fact, requires that the notice state when cancellation becomes effective. Only the provision requiring receipt of notice addresses when cancellation becomes effective. We conclude that, under the policy as written, plaintiff had to receive the notice before its interest could be cancelled. Because defendant concedes for the purposes of its motion for summary judgment and this appeal that plaintiff never received notice, it is not entitled to judgment as a matter of law, and the trial court erred in granting its motion for summary judgment. *See Logan v. North-West Ins. Co.,* 45 Wash App 95, 97, 724 P2d 1043 (1986).

Because the issue may arise at trial, we address plaintiff's contention that it is entitled to recover under Boots' policy on the ground that it is the assignee of the vehicle's insurance proceeds and that it has an equitable lien on those proceeds. Boots' policy was cancelled as to her, effective January 23, for nonpayment of a premium when defendant discovered that her check had been returned for insufficient funds. The vehicle was not insured when it was damaged and, consequently, there are no insurance proceeds due plaintiff under Boots' policy.

---

insurance not less than twenty days prior to the effective date of the cancellation except for cancellation of insurance policies for nonpayment of premiums, which notice shall be not less than ten days prior to such date * * *;

"(b) Like notice of not less than twenty days must also be so delivered or mailed to each mortgagee, pledgee, or other person shown by the policy to have an interest in any loss which may occur thereunder."

■     Plaintiff further contends that defendant should be estopped from asserting that Boots' policy was cancelled, because defendant issued a second cancellation notice, specifically providing coverage through March 13, on which Boots justifiably relied by refraining from purchasing other insurance. Assuming that plaintiff has standing to assert that argument, we conclude that the elements of estoppel are not present.

Washington courts have identified three requirements for equitable estoppel:

> "(1) An admission, statement, or act inconsistent with the claim afterwards asserted; (2) action by the other party on the faith of such admission, statement, or act, and (3) injury to such other party from allowing the first party to contradict or repudiate such admission, statement, or act." *Logan v. North-West Ins. Co., supra,* 45 Wash App at 100.

The party claiming an estoppel must have no knowledge of the facts and no convenient and available means by which he could have acquired such knowledge. *Allen v. Prudential Insurance Company,* 67 Wash 2d 845, 857, 410 P2d 586 (1966). Boots knew that her policy would be cancelled, pursuant to the January 8 notice, if she failed to pay the premium. The check that she wrote in partial payment of that premium was conditional payment and could not constitute actual payment until honored by the bank. Boots was in a position to know that her check would be dishonored for insufficient funds and, therefore, is accountable for knowing the status of her account. She could not reasonably have relied on defendant's second notice.

Finally, plaintiff argues that the trial court erred in granting defendant's motion *in limine* and excluding all evidence at trial relating to the cancellation of Boots' policy. Although that issue is not before us, because this case was resolved on summary judgment, it may arise again at trial. The only issue to be tried on remand is whether plaintiff's interest under the loss payable clause has been effectively cancelled. We cannot tell on this record how the proposed evidence will be relevant to that question.

Reversed and remanded as to Grange Insurance Association; affirmed as to Rocky Mountain Fire & Casualty Company.